IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENVIRONMENTAL TECTONICS | : | CIVIL ACTION |
| CORPORATION and | : | |
| ENTERTAINMENT TECHNOLOGY | : | |
| CORPORATION, | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | NO. 05-6412 |
| | : | |
| WALT DISNEY WORLD CO. d/b/a | : | |
| WALT DISNEY IMAGINEERING, | : | |
| Defendant. | : | |

**M E M O R A N D U M**

STENGEL, J.                                        June 13, 2008

On March 26, 2008, I granted summary judgment on all counts of Environmental Tectonic Corporation's ("ETC") complaint and entered judgment in favor of Walt Disney Imagineering ("Disney"). ETC filed a motion for reconsideration, characterizing as "factual errors in the judgment" what truly amounts to an effort to re-litigate the same set of facts presented in the original motion for summary judgment. For the following reasons, I will deny the motion for reconsideration.

I.    BACKGROUND[1]

ETC bases its motion for reconsideration on three "errors of fact" allegedly

---

[1] A full factual background on this case is unnecessary here, as I have already set out in detail the facts before me on summary judgment. See Envtl. Tectonics Corp. v. Walt Disney World Co., No. 05-6412, 2008 U.S. Dist. LEXIS 24832, at *3 et seq. (E.D. Pa. Mar. 26, 2008) (hereinafter "opinion").

contained in the March 26, 2008 opinion granting summary judgment:

>    (1)    the confidentiality claim in Count I relating to the copying and disclosure of
>           ETC's installation proposal arose under a 1998 Confidentiality Agreement,
>           rather than the Notice of Confidentiality appearing on the proposal itself;
>
>    (2)    the Court's construction of the Design Requirements Specifications
>           ("DRS") and its addendum requires that Mission: Space drawings contain
>           ETC logo on the title blocks, entitling ETC to pursue its Count II claim for
>           breach of an alleged *oral contract* on title blocks; and
>
>    (3)    that the Court was incorrect altogether in granting summary judgment in
>           favor of defendants on ETC's unfair competition claim in Count III,
>           because the summary judgment record contained facts in support of the
>           claim.

(See ETC Mot. for Reconsideration, Document #59, hereinafter, "ETC Mot.")

ETC moves for reconsideration to "correct a clear error of law or fact or to prevent manifest injustice." (See ETC Mot. 2); Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  ETC has not raised new facts or new law, but rests its arguments on the record as presented on summary judgment.

## II.    MOTION FOR RECONSIDERATION STANDARD

A motion for reconsideration will only be granted if the moving party establishes: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood  v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); NL Indus, Inc. v. Commercial Union Ins. Co., 65 F.3d 314, 324 n. 8 (3d Cir. 1995); see also Mash v. Twp. of Haverford

Dep't of Codes Enforcement, No. 06-4479, 2007 U.S. Dist. LEXIS 67265, at *6 (E.D. Pa.

Sept. 7, 2007).  A motion for reconsideration "is not an opportunity for a party to re-

litigate already decided issues or to present previously available evidence." Broadcast

Music, Inc. v. La Trattoria East, Inc., No. 95-1784, 1995 U.S. Dist. LEXIS 8428, at *2

(E.D. Pa. June 9, 1998), or "a means to argue new facts or issues that inexcusably were

not presented to the court in the matter previously decided." Johnson v. Diamond State

Port Corp., 50 Fed. Appx. 554, 560 (3d Cir. 2002).  "Motions for reconsideration are

rarely granted due to the strong interest in final judgments." Retail Brand Alliance, Inc.

v. Rockvale Outlet Center, LP, No. 06-1857, 2007 U.S. Dist. LEXIS 22989, at *2 (E.D.

Pa. Mar. 28, 2007).

## III.  DISCUSSION

Essentially, ETC's motion is nothing more than a request to amend its complaint,[2]

a complaint that ETC has persisted in litigating for several years alongside another case

---

[2]Plaintiff takes the liberty of pointing out that Rule 15(c)(1)(B) allows it to amend its complaint because the dispute over title blocks was set out in ETC's original pleading.  Any attempt to amend the complaint at this stage would be an abuse of the Rules of Civil Procedure, which are designed "to secure the just, speedy, and inexpensive determination of every action and proceeding."  FED. R. CIV. P. 1; see also Ahmed v. Dragovich, 297 F.3d 201, 208 (3d Cir. 2002) (holding that amendment in ETC's proposed fashion "would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation"); 6 WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 1489, at 692-95 (2d ed. 1990); 12 MOORE'S FEDERAL PRACTICE § 59.30[6] (Matthew Bender 3d ed.) (summarizing significant authority supporting the proposition that a Rule 59(e) motion cannot be used to raise new arguments that could have been litigated before entry of judgment).

that is also before this court.[3]  *Years* of litigation have lent plaintiff ample occasion to bring the arguments it now attempts to raise for the first time here, in a post-judgment motion.  A motion for reconsideration is hardly the appropriate mechanism to modify the very grounds upon which plaintiff sought relief.  See Johnson, 50 Fed. Appx. 554, 560 (3d Cir. 2002), citing Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990) (internal quotations omitted).  While claiming to cite "factual errors" in the opinion, in reality plaintiff seeks another roll of the dice, which is emphatically not the purpose of a motion for reconsideration.  See Watson v. City of Phila., No. 06-0883, 2006 U.S. Dist. LEXIS 70869, at *5 (E.D. Pa. Sept. 28, 2006) ("A motion for reconsideration is not intended to provide a losing party with a second bite at the apple."), citing Yang v. AstraZeneca, No. 04-4626, 2005 U.S. Dist. LEXIS 18567, at *2-3 (E.D. Pa. Aug. 29, 2005); Broadcast Music, 1995 U.S Dist. LEXIS 8428, at *2.  It is not the court's business on a motion for summary judgment to search the record for evidence of any possible claim that might service a plaintiff's vague assertions that wrongdoing has occurred.

I note in particular that the third point raised by ETC does not allege factual errors at all, as ETC must do in order to overcome the "strong interest in final judgments" militating against granting a motion to reconsider.  Retail Brand, 2007 U.S. Dist. LEXIS 22989, at *6.  ETC's argument that summary judgment should not have been granted as to Count III questions the Court's own weighing of the facts.  (See ETC Mot., 5.)  The

---

[3]Civil Action No. 03-3546, filed June 9, 2003.

opinion expressly holds that the facts of record were insufficient to meet the standard

under <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) and <u>Anderson v. Liberty Lobby,</u>

<u>Inc.</u>, 477 U.S. 242, 252 (1986) (holding that the court must whether a fair-minded jury

could return a verdict for the plaintiff on the evidence presented).  ETC does not present

new facts, new law, or any error as to either in the opinion, but simply disputes the

outcome.  <u>See</u> <u>EEOC v. Smokin' Joe's Tobacco Shop, Inc.</u>, No. 06-1758, 2007 U.S. Dist.

LEXIS 72526, at *2 (E.D. Pa. Sept. 27, 2007) ("The motion should not be granted if the

moving party is merely asking the court to 'rethink' what it has already rightly or wrongly

decided"), <u>citing</u> <u>Glendon Energy Co. v. Borough of Glendon</u>, 836 F. Supp. 1109, 1122

(E.D. Pa. 1993).  In short, a motion for reconsideration may not be granted because the

plaintiff disagrees with the court, and I will deny ETC's motion as it pertains to Count III

without further comment.

  The two remaining arguments in favor of reconsideration are equally improper.

First, ETC raises an entirely different (though previously known) agreement upon which

to base its Count I breach of confidentiality claim with respect to the installation proposal.

(<u>See</u> ETC Mot., 2.)  In its summary judgment papers, and in oral argument on the

summary judgment motion, ETC consistently relied on the Notice of Confidentiality on

the proposal itself to support its claim.  (<u>See</u> ETC Opp'n Br., 24 (citing confidentiality

notice); Hr'g Tr., 56: 12-15 ("The front page of [the installation proposal], all caps,

underlined is Notice of Confidential Data, so I confessed to be confused when Disney

5

says they don't know what kind of confidential data we're talking about.  It's on the front page of [*sic*] document.").)  I decline ETC's invitation to indulge another attempt to manipulate the same set of facts into a breach of contract claim.

Second, ETC abandons its Count II argument that Disney breached an *oral* agreement on the appearance of title blocks, in favor of a new argument, based on old facts, that its Count II claim relied on the DRS itself.  (See Compl. ¶¶ 54-55; ETC Opp'n Br., 16; ETC Mat. Facts ¶¶ 41-42, 48.)  Not only is ETC's submission inappropriate grounds for granting a motion to reconsider, but ETC also relies on a one-sentence portion of the opinion taken entirely out of context.  The claim was presented as a violation of an oral agreement on title blocks, I am unwilling to consider, at the post-judgment stage, a DRS-based claim that was not briefed or argued at the appropriate time. See Rivera v. Wal-Mart Stores, Inc., 2005 U.S. Dist. LEXIS 34609, 4-5 (E.D. Pa. Dec. 20, 2005) ("A motion for reconsideration is not the time to pose slightly different arguments building upon the unsuccessful ones already put forward.").

**IV.    Conclusion**

Accordingly, I deny ETC's motion.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ENVIRONMENTAL TECTONICS** | : | |
| **CORPORATION, and** | : | |
| **ENTERTAINMENT** | : | |
| **TECHNOLOGY CORPORATION,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO. 05-6412** |
| | : | |
| **WALT DISNEY WORLD CO. d/b/a** | : | |
| **WALT DISNEY IMAGINEERING,** | : | |
| **Defendant** | : | |

## O R D E R

**STENGEL, J.**

**AND NOW**, this 13th day of June, 2008, upon consideration of Plaintiff's Motion for Reconsideration of the Court's March 26, 2008 Opinion and Order (Document #59), it is hereby **ORDERED** that the motion is **DENIED**.

BY THE COURT:

   /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.